# Exhibit 1

Larry J. Crown (No. 013133)
Elan S. Mizrahi (No. 017388)
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Telephone: 480-483-9600
Emails: lcrown@tbl-law.com
elan@tbl-law.com

*Attorneys for Defendants*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| RENEE ARMENTA, in her individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GOODYEAR, ARIZONA; MATTHEW ROSS, a married man, Badge #1193, Goodyear Police Department, et al,<br><br>Defendants. | Case No. CV2019-008791<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>(Assigned to the Honorable Teresa Sanders) |

**TO: THE CLERK OF THE SUPERIOR COURT AND ALL PARTIES HERETO AND THEIR ATTORNEYS**

Defendants City of Goodyear and Officer Matthew Ross, by and through undersigned counsel and pursuant to 28 U.S.C. § 1441 *et seq.*, hereby notify this Court that they have filed a Notice of Removal of this action to the United States District Court for the District of Arizona, Phoenix Division. A copy of the Notice of Removal is attached to this Notice as **Exhibit A** and is served contemporaneously herewith.

RESPECTFULLY SUBMITTED this 16th day of September, 2019.

**TITUS BRUECKNER & LEVINE PLC**

By: /s/ Larry J. Crown
Larry J. Crown
Elan S. Mizrahi
*Attorneys for Defendants*



**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

ORIGINAL of the foregoing filed electronically via AZTurboCourt on this 16th day of September, 2019 with:

The Clerk of the Court
Maricopa County Superior Court
201 West Jefferson Street
Phoenix, Arizona 85003-2243

COPY of the foregoing delivered electronically this 16th day of September, 2019 to:

The Honorable Teresa Sanders
Maricopa County Superior Court Judge

COPY of the foregoing emailed and mailed on this 16th day of September, 2019 to:

Anthony J. Ramirez, Esq.
Warnock MacKinlay Law, PLLC
7135 E. Camelback Road, Suite F-240
Scottsdale, AZ 85251
aramirez@warnocklaw.com
*Attorneys for Plaintiff*

/s/ Karin A. Meister

8962-089

TITUS BRUECKNER & LEVINE PLC
8355 East Hartford Drive – Suite 200
Scottsdale, AZ 85255
480-483-9600

# Exhibit 2

**WARNOCK MACKINLAY LAW, PLLC.**
Anthony J. Ramirez #033119
7135 E. Camelback Road, Suite F-240
Scottsdale, AZ 85251
Telephone: (602) 595-2545
Facsimile: (602) 381-6560
aramirez@warnocklaw.com
*Attorney for Plaintiff*

ORIGINAL

SEP-05 2019 12:43PM

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

RENEE ARMENTA, in her individual capacity,

Plaintiff,

v.

CITY OF GOODYEAR, ARIZONA; MATTHEW ROSS, a married man, Badge # 1193, Goodyear Police Department; JANE DOE ROSS, a married woman; JOHN DOE I-X, JANE DOE I-X; ABC CORPORATIONS, LIMITED LIABILITY COMPANIES OR PARTNERSHIPS I-X, inclusive,

Defendants.

NO. CV2019-008791

**SUMMONS**
**(TORT –NON-MOTOR VEHICLE)**

ASSIGNED TO:

If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

STATE OF ARIZONA TO THE DEFENDANT:

**City of Goodyear, Arizona**
**C/O City Clerk**
**190 N. Litchfield Road**
**Goodyear, AZ 85338**

A lawsuit has been filed against you.

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall

appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you in complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after day of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt of Officer's Return. RCP 4; Arizona Revised Statutes, Section 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required and you are required to serve a copy of any Answer or response upon the Plaintiffs attorney; RCP 10(d); Arizona Revised Statutes, Section 12-311; RCP 5.

The name and address of the Plaintiffs' attorney is:

Warnock MacKinlay Law, PLLC.
Anthony J. Ramirez, Esq.
7135 E. Camelback Road
Suite F-240
Scottsdale, AZ 85251

JEFF FINE, CLERK

SIGNED AND SEALED THIS DATE: AUG 30 2019

By: ______________________
Deputy Clerk

CLERK OF THE SUPERIOR COURT IN AND FOR THE COUNTY OF MARICOPA STATE OF ARIZONA

ADA Notification

*Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.*

Interpreter Notification

*Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.*

COPY
AUG 30 2019
CLERK OF THE SUPERIOR COURT
K. KEE
DEPUTY CLERK
COURT SEAL

**WARNOCK MACKINLAY LAW, PLLC.**
Anthony J. Ramirez #033119
7135 E. Camelback Road, Suite F-240
Scottsdale, AZ 85251
Telephone: (602) 595-2545
Facsimile: (602) 381-6560
aramirez@warnocklaw.com
*Attorney for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTRY OF MARICOPA**

| | |
|---|---|
| RENEE ARMENTA, in her individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GOODYEAR, ARIZONA; MATTHEW ROSS, a married man, Badge # 1193, Goodyear Police Department; JANE DOE ROSS, a married woman; JOHN DOE I-X, JANE DOE I-X; ABC CORPORATIONS, LIMITED LIABILITY COMPANIES OR PARTNERSHIPS I-X, inclusive,<br><br>Defendants. | Case No. CV2019-008791<br><br>**COMPLAINT**<br><br>(Excessive Force, Assault, Battery, Intentional Infliction of Emotional Distress, Violations of 42 U.S.C. § 1983)<br><br>**Jury Trial Demanded**<br><br>(Assigned to: ) |

COMES NOW the Plaintiff, RENEE ARMENTA, hereinafter referred to as "Plaintiff," by and through undersigned counsel, complaining of the Defendants, and in support thereof, states as follows:

## JURISDICTION AND VENUE

## THE PARTIES

1. At all times relevant to this complaint, Plaintiff was a resident of Avondale, Maricopa County, Arizona and the cause of action on which this Complaint is based occurred in Maricopa County, Arizona.

2. At all times relevant to this complaint, Defendant, Matthew Ross, Badge No. 1193 (Defendant Ross) is and was at all times relevant herein duly appointed and an acting officer, servant, employee and agent of the Goodyear Police Department, a municipal agency of Defendant City. At all times relevant herein, Defendant Ross was acting under the color of laws, statutes, ordinances, regulations, policies, customs and/or usage of the State of Arizona and the Goodyear Police Department, in the course and scope of his duties and functions as an officer, agent, servant, and employee of Defendant City, was acting for, and on behalf of, and with the power and authority vested in him by Defendant City and the Goodyear Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

3. Defendants Jane Doe Ross, John Does I-X, Jane Does I-X and ABC Corporations, Limited Liability Companies or Partnerships I-X are fictitious parties, whose identities are currently unknown but are believed to be parties who may reside

within the jurisdiction of this court. Plaintiff reserves the right to amend the parties' names as they become known through discovery.

4. Defendant Ross is and was at all times relevant herein, was also acting in his individual capacity and/or for and on behalf of his marital community.

5. Defendant City is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of Arizona. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant City was at all times relevant herein the public employer of Defendant Officers, identified more fully *infra*, including at the time Defendant Ross deployed excessive and unreasonable force against Plaintiff.

6. Venue is proper in Maricopa County because the facts establishing the cause of action occurred in Maricopa County, Arizona.

7. Plaintiff seeks damages over the minimal jurisdictional limits of this Court.

8. By the conduct, acts, and omissions complained of herein, Defendants violated clearly established constitutional standards under the United States and Arizona Constitutions of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

9. Plaintiff timely served a Notice of Claim with an agent of the Clerk of the City of Goodyear and the Goodyear Police Department, Mario Saldamando (Executive Management Assistant) on or about January 28, 2019, pursuant to A.R.S. § 12-821.01.

10. Plaintiff timely served a Notice of Claim on Defendant Ross by delivering a true copy of the Notice of Claim to Officer Anderson, Badge #1296, (Authorized by Defendant Ross by phone) at 11 N. 145th Ave., Goodyear, Arizona on or about January 30, 2019, pursuant to A.R.S. § 12-821.01.

11. No answer to the Notice of Claim was received by Plaintiff.

12. This action has been commenced within one year of the date of the occurrence giving rise to the Complaint.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13. On September 6, 2018, at approximately 11:46 a.m., Defendant Ross was conducting a patrol at the QuikTrip gas station located at 550 N. Dysart Road in Goodyear, Arizona.

14. Defendant Ross conducted a registration check of a Chrysler 200 vehicle parked in front of the QuikTrip with the license plate number CHH3515.

15. The vehicle observed by Defendant Ross belonged to Plaintiff.

16. The registration returned as valid but MVD records showed the registered owner, Plaintiff Renee Armenta as having a revoked driver license.

17. Defendant Ross drove to the eastside of the parking lot and looked up the driver license photo of Plaintiff using a law enforcement database.

18. Defendant Ross observed that the person in the photograph had a tattoo below her left eye and on her neck.

19. The Plaintiff backed up her vehicle from its parking spot and began driving northbound through the parking lot.

20. The Plaintiff's vehicle then turned right and began heading east through the parking lot toward North Dysart Road.

21. As the Plaintiff's vehicle drove east through the parking lot Defendant Ross observed that the driver of the vehicle matched the photograph of Renee Armenta on his mobile computer.

22. After the Plaintiff's vehicle left the parking lot and entered the public roadway, Defendant Ross initiated a traffic stop after allegedly observing a traffic violation and because he believed the Plaintiff was operating a vehicle with a revoked driver license.

23. After Plaintiff's vehicle came to a stop Defendant Ross quickly exited his vehicle and approached Plaintiff's vehicle in an irritated and aggressive manner.

24. Plaintiff's driver side window was rolled down and Defendant Ross stated, "Hello, Renee, right?"

25. Plaintiff responded, "Yeah".

26. Defendant Ross stated, "Step out of the car"

27. Plaintiff responded, "What's going on?"

28. Defendant Ross repeated, "Step out of the car" as Defendant Ross opened the driver side door and Plaintiff complied with his orders and exited the vehicle.

29. Defendant Ross then stated, "Turn around and put your hands behind your back."

30. Plaintiff stated, "Why? What's going on? What did I do?"

31. Defendant Ross stated, "You're under arrest."

32. Surprised by Defendant Ross' aggressive manner which caused her to back up. Plaintiff stated, "What did I do, what did I fucking do?" as Defendant Ross reached to grab her.

33. Defendant Ross then grabbed Plaintiff's left wrist with his left hand and punched Plaintiff with a closed fist on her head.

34. Defendant Ross then dragged Plaintiff on the asphalt roadway approximately ten feet while Plaintiff was wearing shorts.

35. The entire interaction from the time Defendant Ross first approached Plaintiff's vehicle until the time he completed dragging her on the asphalt took approximately seventeen seconds.

36. Without any legal justification and with deliberate indifference for Plaintiff's constitutional rights, Defendant Ross used willful, excessive, and

unreasonable force when he failed to use proper tactics and punched Plaintiff in the head and dragged her on the ground after a traffic stop for a minor offense.

37. Plaintiff was not the subject of a BOLO (Be on the Look Out) for a violent offense nor was she suspected of a violent crime at the time she was contacted by Defendant Ross.

38. Defendant Ross' aggressive behavior resulted in him failing to engage Plaintiff in a manner that would have been used by a similarly situated reasonable police officer.

39. Defendant Ross' excessive use of force was a violation of Plaintiff's constitutionally guaranteed rights to be free from the use of excessive force, due process under the law, and equal protection under the law.

40. Plaintiff endured a substantial amount of conscious pain and suffering due to the actions and inactions of the Defendants.

41. Upon information and belief, it is the policy and practice of Defendant City to investigate officer actions after all incidents involving the deployment of excessive force.

42. Upon information and belief, Defendant Ross was not placed on administrative leave pending an internal investigation of the incident.

43. Upon information and belief, the investigation that was conducted evaluated the actions of Defendant Ross for his compliance with the policies and

procedures of the Defendant City in regards to the use of excessive force. The investigation subsequently ratified Defendant Ross' actions, finding that his actions were consistent with departmental policies and procedures allowing Defendant Ross to remain on full duty.

44. Plaintiff submits that the policies and procedures of the Defendant City were either ignored or in the alternative, advocate and implement the use of unreasonable, excessive force against citizens in violation of their civil rights established by the United States Constitution. In ratifying Defendant Ross' actions and placing him back to work, Defendant City has demonstrated by act or omission that the unconstitutional, excessive and unreasonable force used by Defendant Ross against the Plaintiff is an accepted practice within Defendant City's operations.

## CAUSES OF ACTION

### COUNT I: EXCESSIVE FORCE (42 U.S.C. § 1983)

**(as against Defendant Ross, Officers John Doe I-X, Jane Doe I-X, Defendant City, Jane Doe Ross, ABC Corporations, Limited Liability Companies or Partnerships I-X)**

45. Plaintiff hereby incorporates all above paragraphs as though fully set forth herein.

46. As described in the preceding paragraphs, the conduct of Defendant Ross constituted excessive force against Plaintiff in violation of the United States Constitution and guaranteed to the Plaintiff under the Fourth and Fourteenth

Amendments.

47. The conduct and actions of Defendant Ross, acting in concert and under color of law, in authorizing, directing, and using excessive force and violence against Plaintiff, was excessive and unreasonable, was done intentionally, willfully, with a deliberate indifference and/or with reckless disregard for the natural and probable consequences of his actions, was done without lawful justification or reason, and was designed to and did cause specific and serious physical pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. § 1983, including the right to be free from the use of excessive, unreasonable, and unjustified force.

48. The actions of Defendant Ross as described above violated and deprived Plaintiff of her clearly established and well-settled civil rights to be free from the use of excessive force, as well as the deprivation of liberty without due process of law and equal protection of the law.

49. The severe injuries suffered by Plaintiff were directly and proximately caused by the aforementioned violations and deprivation of her constitutional rights by Defendant Ross, as Defendant Ross unlawfully used excessive force against Plaintiff when it was blatantly unwarranted and unjustified to do so.

50. On September 6, 2018, Defendant Ross used unnecessary and excessive force on Plaintiff, depriving her of liberty, and due process of law when he willfully and intentionally used his fists as a weapon to cause pain to the Plaintiff and then

dragged the Plaintiff along an asphalt roadway.

51. As a direct and proximate result of said Defendant City's and Defendant Ross's acts, omissions, deliberate indifference and excessive force, Plaintiff was deprived of her rights to due process of law, equal protection, and other rights guaranteed to her by the Fourth and Fourteenth Amendments of the United States Constitution.

52. The conduct described in this Count was undertaken by Defendant Ross within the scope of his employment and under the color of law such that his employer, Defendant City, is liable for his actions because as described further below, Defendant Ross' actions were ratified by the Defendant City because upon information and belief an investigation was conducted by Defendant City which affirmed the unconstitutional, excessive and negligent actions taken by Defendant Ross.

53. The conduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights and to the resulting harm to Plaintiff.

54. As a result of the above stated facts, Plaintiff suffered extensive damages, including but not limited to physical injuries, pain and suffering and has incurred medical expense and loss of earnings, along with the deprivation of her constitutional rights.

**COUNT II: SUPERVISORY LIABILITY (42 U.S.C. § 1983)**
**(as against Defendant City)**

55. Plaintiff hereby incorporates all above paragraphs as though fully set forth herein.

56. Upon information and belief, Defendant City, by its own regulations, when enforced, prohibits Goodyear Police Department officers and members from the use of excessive force. Accordingly, it owed a duty of care to the general public to take reasonable steps to train and supervise all officers of the Goodyear Police Department. That duty of care was negligently breached by Defendant City as more specifically set forth hereinafter.

57. The actions taken by Defendant Ross and the inaction of Defendants John Doe I-X, Jane Doe I-X occurred as a result of inadequate training and supervision by their employer, Defendant City. Defendant Officers were inadequately trained in (a) the use of force, and how and when to avoid the use of force and excessive force, (b) the rights of citizens under the Constitution of the United States, and (c) the duties, and responsibilities of police officers.

58. Defendant Ross was negligently and inadequately trained and supervised by Defendant City, thereby causing the actions of Defendant Ross described herein.

59. Defendants John Doe I-X and Jane Doe I-X were negligently and inadequately trained and supervised by Defendant City, thereby causing the inaction of

said Defendants described herein.

60. The conduct described in this Count was undertaken by all Defendants within the scope of their employment and under the color of law such that their employer, Defendant City, is liable for their actions.

61. As a result of the above stated facts, Plaintiff suffered extensive damages, including but not limited to physical injuries, pain and suffering and has incurred medical expense and loss of earnings, along with the deprivation of his constitutional rights.

**COUNT III: MUNICIPAL LIABILITY (42 U.S.C. § 1983)**
**(as against Defendant City)**

62. Plaintiff hereby incorporates all above paragraphs as through fully set forth herein.

63. Defendant City has a duty to provide reasonable and effective operations of its police department.

64. Defendant City also has a duty to establish proper policies, customs, and regulations of the police department.

65. Defendant City directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Officers. The conduct of Defendants and the surrounding officers was a direct consequence of policies and practices of Defendant City.

66. At all times relevant to this complaint, Defendant City, acting through its agent the Goodyear Police Department, had in effect policies, practices, and customs that were ignored or disregarded. This conduct condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of damages and injures complained of herein.

67. The wrongful disregard of policies, practices, customs and/or usages created to protect the general public, demonstrated a deliberate indifference on the part of policymakers of the Defendant City to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**COUNT IV: RACIAL DISCRIMINATION (42 U.S.C. § 1981)**
**(as against Defendant Ross, Officers John Doe I-X, Jane Doe I-X, Defendant City, Jane Doe Ross, ABC Corporations, Limited Liability Companies or Partnerships I-X)**

68. Plaintiff hereby incorporates all above paragraphs as though fully set forth herein.

69. Plaintiff is a person of Hispanic ethnicity, and therefore a member of a protected class.

70. Defendants discriminated against Plaintiff on account of her ethnic identity. Plaintiff was injured in part or in whole because of her ethnic heritage. White persons contacted by members of the Goodyear Police Department are not treated in a

similar fashion.

71. As a result of the above stated facts, Plaintiff suffered extensive damages, including but not limited to physical injuries, pain and suffering and has incurred medical expense and loss of earnings, along with the deprivation of her constitutional rights.

**COUNT V: ASSAULT**
**(as against Defendant Ross, Officers John Doe I-X, Jane Doe I-X, Defendant City, Jane Doe Ross, ABC Corporations, Limited Liability Companies or Partnerships I-X)**

72. Plaintiff hereby incorporates all above paragraphs as though fully set forth herein.

73. Defendant Ross placed Plaintiff in reasonable apprehension of immediate offensive contact and/or physical harm by means of an overt gesture of threatening Plaintiff with physical violence, screaming at her, and exhibiting physical force and violent actions.

74. Any reasonable person would become apprehensive in the face of Defendant's violent and threatening conduct.

75. Plaintiff did, if fact, become apprehensive in the face of Defendant's violent and threatening conduct.

76. Because of this assault, Plaintiff suffered anguish, loss of dignity and reputation, and continues to suffer mental distress and long-term mental neurosis which

may require continued medical attention.

77. Defendant City is liable under the doctrine of respondeat superior.

**COUNT VI: BATTERY**

**(as against Defendant Ross, Officers John Doe I-X, Jane Doe I-X, Defendant City, Jane Doe Ross, ABC Corporations, Limited Liability Companies or Partnerships I-X)**

78. Plaintiff hereby incorporates all above paragraphs as though fully set forth herein.

79. Without the consent of Plaintiff, Defendant Ross intentionally, harmfully and offensively touched Plaintiff by punching and beating her about the face and dragging her along an asphalt roadway.

80. Defendant City is liable under the doctrine of respondeat superior.

**COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(as against Defendant Ross, Officers John Doe I-X, Jane Doe I-X, Defendant City, Jane Doe Ross, ABC Corporations, Limited Liability Companies or Partnerships I-X)**

81. Plaintiff hereby incorporates all above paragraphs as though fully set forth herein.

82. Defendant Ross intentionally and deliberately inflicted emotional distress on Plaintiff by violating her constitutional rights, threatening, intimidating and using physical force upon her.

83. Defendant Ross' conduct was extreme and outrageous, was beyond all

possible bounds of decency and utterly intolerable in a civilized community.

84. Defendant Ross' conduct, as described above, was intended to and did cause severe emotional distress to Plaintiff.

85. Plaintiff's emotional distress is severe and of a nature that no reasonable person could be expected to endure.

86. Defendant City is liable under the doctrine of respondeat superior.

## COUNT VIII: PUNITIVE DAMAGES

87. Plaintiff hereby incorporates all above paragraphs as though fully set forth herein.

88. The conduct of Defendant Ross was willful, malicious, oppressive and/or reckless and it was done with an evil hand such that punitive damages should be imposed.

89. The conduct of defendant Ross shocks the conscience as an intentional abuse of power.

90. Punitive damages should be awarded in an amount commensurate with the injuries, but also sufficient to deter such behavior in the future.

## DAMAGES

91. As a direct and proximate result of the Defendants' tortious conduct and violations and deprivation of Plaintiff's rights, she suffered severe, painful, and long-lasting injuries.

92. As a direct and proximate result of the Defendants' tortious conduct and violations and deprivation of Plaintiff's rights, she has incurred medical expense and loss of earnings.

93. As a direct and proximate result of the Defendants' tortious conduct and violations and deprivation of Plaintiff's rights, she has experienced pain, grief, sorrow, anguish, stress, shock, and mental suffering presently and is reasonably probable to experience in the future.

94. The actions of all individual Defendants described in this complaint were willful, wanton and in reckless disregard of Plaintiff's civil, statutory and constitutional rights, thereby entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment as follows:

95. An award of compensatory damages against all Defendants commensurate with the damages and injuries Plaintiff has suffered as a result of the Defendants' collective and separate misconduct;

96. An award of punitive damages against the Defendants to punish them and deter them and others from engaging in similar behavior;

97. An award of Plaintiff's reasonable attorney's fees, expert fees and costs of suit incurred in this action, to the extent available under applicable by law;

98. An order directing the City of Goodyear, Arizona to proceed

expeditiously with disciplinary action against Defendant Officers;

99. An order directing the City of Goodyear, Arizona to require the Goodyear, Arizona Police Department to enforce all now-existing rules and regulations relating to the use of force; and

100. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 29th day of August, 2019.

By: ______________________
Anthony J. Ramirez, Esq.
Warnock MacKinlay Law, PLLC
7135 E. Camelback Road
Suite F-240
Scottsdale, Arizona 85251
*Attorney for Plaintiff Renee Armenta*

COPY

AUG 30 2019
CLERK OF THE SUPERIOR COURT
K. KEE
DEPUTY CLERK

**WARNOCK MACKINLAY LAW, PLLC.**
Anthony J. Ramirez #033119
7135 E. Camelback Road, Suite F-240
Scottsdale, AZ 85251
Telephone: (602) 595-2545
Facsimile: (602) 381-6560
aramirez@warnocklaw.com
*Attorney for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| RENEE ARMENTA, in her individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GOODYEAR, ARIZONA; MATTHEW ROSS, a married man, Badge # 1193, Goodyear Police Department; JANE DOE ROSS, a married woman; JOHN DOE I-X, JANE DOE I-X; ABC CORPORATIONS, LIMITED LIABILITY COMPANIES OR PARTNERSHIPS I-X, inclusive,<br><br>Defendants. | NO. CV2019-008791<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION (TORT – NON-MOTOR VEHICLE)**<br><br>ASSIGNED TO: |

The undersigned certifies that the largest award sought by Plaintiff, RENEE ARMENTA, **exceeds** the limit set by Local Rule for compulsory arbitration. This case **is not** subject to the Arizona Rules of Civil Procedure governing compulsory arbitration because the largest award sought is more than $50,000.00.

\\

DATED this 29th day of August, 2019.

*WARNOCK MACKINLAY LAW, PLLC*

By ______________________

Anthony J. Ramirez, Esq.
7135 E. Camelback Road
Suite F-240
Scottsdale, Arizona 85251
P. (602) 595-2545, F. (602) 381-6560
*Plaintiff's Attorney*

COPY

AUG 3 0 2019

CLERK OF THE SUPERIOR COURT
K. KEE
DEPUTY CLERK

COURT SEAL

**WARNOCK MACKINLAY LAW, PLLC.**
Anthony J. Ramirez #033119
7135 E. Camelback Road, Suite F-240
Scottsdale, AZ 85251
Telephone: (602) 595-2545
Facsimile: (602) 381-6560
aramirez@warnocklaw.com
*Attorney for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| RENEE ARMENTA, in her individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GOODYEAR, ARIZONA; MATTHEW ROSS, a married man, Badge # 1193, Goodyear Police Department; JANE DOE ROSS, a married woman; JOHN DOE I-X, JANE DOE I-X; ABC CORPORATIONS, LIMITED LIABILITY COMPANIES OR PARTNERSHIPS I-X, inclusive,<br><br>Defendants. | NO. CV2019-008791<br><br>**DEMAND FOR JURY TRIAL (TORT – NON-MOTOR VEHICLE)**<br><br>ASSIGNED TO: |

Plaintiff, by and through undersigned counsel, pursuant to Rule 38, Arizona Rules of Civil Procedure, hereby requests a trial by jury in the event this matter is not set for compulsory arbitration or an appeal is taken from arbitration.

\\

\\

\\

\\

\\

DATED this 29th day of August, 2019.

*WARNOCK MACKINLAY LAW, PLLC*

By ______________________

Anthony J. Ramirez, Esq.
7135 E. Camelback Road
Suite F-240
Scottsdale, Arizona 85251
P. (602) 595-2545, F. (602) 381-6560
*Plaintiff's Attorney*